# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAMEION TUNSTALL,**

    **Petitioner,**

v.                                            **Civil Action No. 2:08cv98**
                                                 **(Judge Maxwell)**

**KUMA J. DEBOO, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the petitioner's § 2241 habeas corpus petition and the Government's response. In the petition, the petitioner challenges the forfeiture of his street time by the United States Parole Commission ("the Commission") and its effect on the full term expiration date of his sentence. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Factual and Procedural History

On March 21, 1996, the petitioner was sentenced to 4-12 years in prison with a concurrent term of 3-9 years, by the Superior Court for the District of Columbia for distribution of cocaine, possession with the intent to distribute cocaine, attempted distribution of cocaine and possession of marijuana and cocaine. Dckt. 15 at Ex. 1 (hereinafter "Resp't Ex. 1"). The petitioner was first paroled from that sentence by the Commission on April 23, 1999.[1] Resp't Ex. 2. At the time, the

---

[1] Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a) ("Revitalization Act"), on August 5, 1998, the United States Parole Commission assumed exclusive jurisdiction over all District of Columbia Code Offenders. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir. 1998).

petitioner's full term release date was determined to be March 2, 2007. *Id.*

On January 29, 2002, the petitioner was arrested on a parole violation warrant, which charged him with using heroin and violating the condition of drug aftercare. Resp't Ex. 3, 4. A revocation hearing was held on March 11, 2002. Resp't Ex. 5. On March 25, 2002, the Commission issued a Notice of Action which informed the petitioner that his parole had been revoked, that his street time had been forfeited and that his new parole effective date was July 29, 2002. Resp't Ex. 6.

As set forth in the Notice of Action, the petitioner was paroled again on July 29, 2002. Resp't Ex. 7. At that time, his new full term expiration date was determined to be December 7, 2009. *Id*.

The petitioner was arrested on March 28, 2003, on another parole violation warrant. Resp't Ex. 9. This time, the petitioner was charged with armed robbery, assault and unauthorized possession of a weapon. Resp't Ex. 8, 9. A revocation hearing was held on October 22, 2003, and on December 3, 2003, the petitioner was notified that there was no finding of violation and his parole was reinstated. Resp't Ex. 10, 11.

Another violator warrant issued for the petitioner on April 12, 2004. Resp't Ex. 12, 13. In that warrant, the petitioner was charged with using cocaine, failing to submit to drug testing and to report to his community supervision officer and violating the drug aftercare condition. *Id.* The petitioner was arrested on the warrant on June 8, 2004. Resp't Ex. 13. Rather than hold a revocation hearing, the Commission proposed a disposition of the case without hearing, which the petitioner accepted on August 17, 2004. Resp't Ex. 14. Therefore, on August 31, 2004, the Commission revoked the petitioner's parole, forfeited his street time and established his new parole effective date

at February 8, 2005. Resp't Ex. 15. The Commission also granted the petitioner credit on the service of his sentence for the time spent in custody related to the violation charges that resulted in a no finding in December of 2003. *Id.*

Pursuant to the findings in the Commission's August 31, 2004 Notice of Action, the petitioner was reparoled on February 8, 2005. Resp't Ex. 16. At that time, the petitioner's full term expiration date was calculated at February 7, 2011. *Id.*

However, the petitioner was arrested on yet another parole violation warrant on January 25, 2007. Resp't Ex. 18. In that warrant, the petitioner was charged with using cocaine, opiates and marijuana, failing to submit to drug testing and to report to his community supervision officer, and violating the drug aftercare condition. Resp't Ex. 17, 18. The petitioner again agreed to a disposition of the warrant without a revocation hearing. Resp't Ex. 19. Consequently, on February 23, 2007, the Commission issued a Notice of Action which revoked the petitioner's parole, forfeited his street time and established a new parole effective date of September 24, 2007. Resp't Ex. 20.

Pursuant to the February 23, 2007 Notice of Action, the petitioner was reparoled on September 24, 2007. Resp't Ex. 21. His new full term expiration date was then determined to be January 13, 2013. *Id.*

Nonetheless, the petitioner was arrested on February 28, 2008, on another parole violation warrant. Resp't Ex. 22, 23. That warrant charged the petitioner with failing to report for supervision. *Id.* On March 3, 2008, the Commission added a charge that the petitioner possessed heroin. Resp't Ex. 24. The petitioner again agreed to disposition without a revocation hearing, and on April 24, 2008, the Commission issued a Notice of Action which revoked the petitioner's parole, forfeited his street time and continued him to a presumptive reparole date of February 27, 2009.

Resp't Ex. 25, 26.

## II. Contentions of the Parties

### A. The Petition

In the petition, the petitioner seeks an Order from the Court affixing his original full term expiration date of March 2, 2007 to his sentence, and releasing him from further custody. In support of this request, the petitioner asserts:

(1) he has been in the care and legal custody of the United States Attorney General since his sentence was imposed;

(2) the Commission may not extend a parolee's sentence beyond that which was imposed;

(3) the Commission cannot operate under both the Executive and Judicial branches of the government without offending the separation of powers clause of the United States Constitution; and

(4) his parole violations have only been technical violations, he has not been convicted of any other crimes, therefore, it is a violation of the *ex post facto* clause to lengthen his 12-year sentence by extending his full term release date to 2013.

### B. The Respondent's Motion to Dismiss or for Summary Judgment

In response to the petition, the respondent has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dckt. 14.) In the motion, the respondent asserts that the petitioner has failed to state a claim upon which relief may be granted, or that the respondent is entitled to judgment as a matter of law. *Id.* at 1. In support of the motion, the respondent argues that pursuant to a 1932 District of Columbia ("D.C.") statute, a parolee is entitled to no credit on his sentence for the time spent under parole supervision. Dckt. 15 at 4 (Respondent's Memorandum)

(citing D.C. Code § 24-206(a)). Therefore, whenever parole is revoked, the parolee's sentence is prolonged by the amount of street time that is lost. *Id.* (quoting Davis v. Moore, 772 A.2d 204 (D.C. 2001)).

However, the Good Time Credits Act ("GTCA") was enacted in 1987 and provided for credit toward the service of a sentence for time spent in custody or on parole. *Id.* (citing D.C. Code § 24-431(a)). At that time, the D.C. Corporation Counsel interpreted the Act as effecting an implicit appeal of the 1932 statute. *Id.* Therefore, the D.C. Department of Correction implemented a regulation which allowed parole violators to retain credit for street time upon revocation of their parole. *Id.* Nonetheless, the Commission disagreed with Corporation Counsel's interpretation of the Act, and for those offenders who fell within its jurisdiction, the Commission continued to deny street credit upon revocation of parole. *Id.* (citing Davis v. Moore, 772 A.2d at 209-210). This disagreement, and the resulting disparity, was litigated in the Ninth Circuit and later in the D.C. Circuit. *Id* at 5.

In Tyler v. United States, 929 F.2d 451 (9th Cir. 1991), the Ninth Circuit found that the Corporation Counsel had incorrectly interpreted the statute. Dckt. 15 at 5. However, the D.C. Department of Corrections did not change its regulations. *Id.* The issue was then brought before the D.C. District Court in Noble v. United States Parole Comm'n, 887 F.Supp 11 (D.D.C. 1995). Dckt. 15 at 5. On appeal of that case, the D.C. Court of Appeals held that no repeal had been effected by the enactment of the GTCA and that the rule mandating forfeiture of street time in § 24-206, remained in effect. Dckt. 15 at 5-6 (quoting United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), 711 A.2d 85 (D.C. 1998) (*en banc*)).

The decision in Noble then spawned a series of litigation concerning retroactivity and

5

whether that decision applied to Mr. Noble and other D.C. parole violators. *Id.* at 6 (citing <u>Noble v. United States Parole Comm'n</u>, 32 F.Supp.2d 11 (D.D.C. 1998); <u>Johnson v. Kindt</u>, 158 F.3d 1060 (10th Cir. 1998)). That issue was affirmatively decided in <u>Davis v. Moore</u>, *supra*. Dckt. 15 at 6. In <u>Davis</u>, the D.C. Court of Appeals held that "'the retroactive application of <u>Noble</u> does not violate the Ex Post Facto or Due Process Clauses' of the United States Constitution." *Id.* (quoting <u>Davis v. Moore</u>, 772 A.2d at 208-09)). Therefore, the respondent asserts that the <u>Davis</u> decision affirmatively forecloses the petitioner's *ex post facto* argument. Dckt. 15 at 7.

Moreover, the respondent asserts that the petitioner's separation of powers argument is likewise without merit. *Id.* (quoting <u>Mistretta v. United States</u>, 488 U.S. 361, 390 (1989) ("The sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch."); <u>Leach v. United States Parole Comm'n</u>, 522 F.Supp.2d 250 (D.D.C. 2007) ("As the duly authorized paroling authority, the Commission does not usurp a judicial function when . . . it acts pursuant to the parole laws and regulations of the District of Columbia.") (internal quotations omitted)). For these reasons, the respondent seeks the dismissal of the petition with prejudice.

**C.  The Petitioner's Response**

Because the petitioner is proceeding *pro se*, the Court issued a <u>Roseboro</u> Notice on December 10, 2008, advising him of his right to file a response to the respondent's motion. Dckt. 16. Despite such notice, the petitioner failed to file a response.

### III.  Standard of Review

**A.  Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-

pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the

opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

As the respondent notes, the petitioner's claims are foreclosed by the applicable statutes and judicial precedent. Pursuant to D.C. Code § 24-206(a), a D.C. parolee is not entitled to credit on his sentence for the time spent under parole supervision. Thus, when the petitioner's parole was revoked, the Commission properly prolonged his sentence by the amount of street time the petitioner lost. See Davis v. Moore, *supra*. Moreover, such action is not a violation of the *ex post facto* or due process clauses of the United States Constitution. *Id.* at 208-09. Nor can the petitioner successfully challenge the authority of the Commission to so act under the separation of powers clause. Mistretta v. United States, 488 U.S. at 390; Leach v. United States Parole Comm'n, *supra*. Thus, the petitioner has failed to state a claim upon which relief may be granted and his petition is to be denied.[2]

---

[2] The undersigned notes that the D.C. Council has recently passed Bill 17-750, the "Parolee Credit Maintenance Act of 2008," which allows the preservation of street time for D.C. parolees in certain instances. However, that Act has not been made retroactive and is therefore, inapplicable to this case.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 14) be **GRANTED** and the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: May 6, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE